# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-705V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | | |
| | * | Chief Special Master Corcoran |
| MARK SMITH, | * | |
| | * | |
| Petitioner, | * | Filed: August 31, 2023 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

*Jessica E. Choper*, Britcher Leone and Sergio, L.L.C., Glen Rock, NJ, for Petitioner.

*Michael Joseph Lang*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS**[1]

On June 23, 2022, Mark Smith filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from Transverse Myelitis as a result of his September 22, 2020, receipt of the influenza vaccine. The parties successfully settled the claim, and I issued a decision awarding Petitioner compensation. *See* Decision, dated June 26, 2023. ECF No. 29 (the "Decision").

Petitioner has now filed a motion for a final award of attorney's fees and costs—his only such request in the case's life. Motion, dated August 28, 2023 (ECF No. 33). Petitioner seeks an award of $30,373.55 in attorney's fees and costs ($29,736.00 in fees and $637.55 in costs) for the

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

work of his attorney, Jessica Choper, plus a paralegal, law clerk, and legal intern, performed from 2020 to the present date. ECF No. 33 at 1–2. Respondent reacted to the fees request on August 31, 2023. *See* Response, August 31, 2023 (ECF No. 34). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–4.

For the reasons set forth below, I hereby **GRANT** Petitioner's Motion, awarding fees and costs in the total amount of **$30,373.55**.

## ANALYSIS

I.  **Attorney's Fees**

Because Petitioner's claim was successful, the Act entitles her to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys and other professionals, based on the years work was performed:

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| **Jessica E. Choper (Attorney)** | $400 | $400 | $400 | $400 |

2

| Kathy Nicita (Paralegal) | $163 | $163 | $175 | $175 |
| --- | --- | --- | --- | --- |
| Jason Lager (Law Clerk) | - | - | - | $175 |
| Allison Quackenbush (Legal Intern) | - | - | - | $175 |

ECF No. 33-2 at 14–22.

Ms. Choper practices in New Jersey—a jurisdiction that has been deemed "in forum," and thus entitling her to rates commensurate with what was established in *McCulloch*. *See Newcomb v. Sec'y of Health & Hum. Servs.*, No. 18-1393V, 2021 WL 2947439, at *2 (Fed. Cl. Spec. Mstr. June 11, 2021). The requested rates are also consistent with what has previously been awarded for Ms. Choper's time, in accordance with the Office of Special Masters' fee schedule.[3] *Finkelstein v. Sec'y of Health & Hum. Servs.*, No. 19-212V, 2022 WL 3135918, at *2 (Fed. Cl. Spec. Mstr. July 1, 2022). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable and will therefore award it without adjustment.

### III.  Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $637.55 in outstanding costs, including the cost of medical record retrieval. ECF No. 33-1 at 3. All incurred costs were reasonable. Thus, they shall also be awarded in full without reduction.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Scheduling, https://www.uscfc.uscourts.gov/node/2914 (last visited July 12, 2023).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$30,373.55**, reflecting $29,736.00 in attorney's fees and $637.55 in costs, in the form of a check made jointly payable to Petitioner and his attorney, Ms. Jessica Choper.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.